## In re HARTMAN et al.
### No. 19129.

District Court, W. D. Pennsylvania.
Nov. 5, 1936.

Thomas J. Callanan, of Oil City, Pa., referee.

C. H. Mattern, trustee.

Breene & Jobson and W. F. Moyar, all of Oil City, Pa., for trustee in bankruptcy.

E. N. Havill and S. W. Gregg, as trustees for E. D. Kepner.

Nash & Mutzabaugh, of Bradford, Pa., for Havill and Gregg.

GIBSON, District Judge.

E. N. Havill and S. W. Gregg, as trustees for E. D. Kepner, filed a petition with the referee for the reclamation of three strings of drilling tools in the possession of the bankrupt's trustee. The tools in question were sold to bankrupt by E. D. Kepner upon a conditional sales agreement. Two of the strings were located on a lease at Richburg, Allegany county, in the State of New York, and the third string was located on a lease at Indian Creek, Eldred township, Eldred, Pa. Upon hearing no evidence whatsoever was introduced to show that the conditional sale of the string located in Pennsylvania had been recorded, as required by the Pennsylvania laws, and no question as to such string is before this court. The claimants, however, did offer a certificate purporting to be from the town clerk of Wirt, county of Allegany, New York, to the effect that the conditional sale agreement had been recorded in his office. Counsel for the bankrupt's trustee objected to the introduction of the certificate on the ground that it was not relevant, and his objection was sustained by the referee who, at the conclusion of the hearing, denied the reclamation petition. The petitioners thereupon prayed the court that the order of the referee be certified to this court for review. After the order of the referee had been made, the exceptants petitioned the referee to reopen his judgment in the matter for the purpose of allowing them to introduce proper proof as to the recording of the conditional sale agreement in Allegany county, New York State. This petition the referee denied. No petition for the review of this order has been filed.

The certificate from the town clerk of Wirt, offered by petitioners, was not authenticated as required by the act of Congress. Its rejection, therefore, by the referee was not erroneous. No other evidence was introduced as to the recording of the sales agreement in New York. On hearing upon review counsel for the claimants urged as error the refusal of the referee to reopen his judgment upon the reclamation petition. As has been stated, his order of refusal to open has not been certified for review and therefore furnishes no ground for the reversal of the judgment certified. In any event, the matter of opening the judgment was largely a matter of discretion with the referee.

Finding no error on the part of the referee, the petition to review his judgment must be dismissed.